# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DORIS ELLISON, individually and as personal representative of the estate of PERRY MOZELL ELLISON. ) ) ) ) Plaintiff, ) ) v. ) ) BAYER CROPSCIENCE, INC., et al. ) ) Defendants. ) | CIVIL ACTION NO. 2:09-CV-00565-WKW-CSC |

## DEFENDANT KOBE STEEL, LTD.'S MOTION TO DISMISS

Defendant Kobe Steel, Ltd. (incorrectly identified in the First Amended Complaint as Kobe Steel USA Inc. and Kobelco Construction Machinery America, LLP)[1] (hereinafter "Defendant" or "KSL"), requests that this Court, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, dismiss all of Plaintiff's claims because this action has been filed in an improper venue. This motion is based upon the following grounds:

1. Section (a) of the general venue statute, 28 U.S.C. § 1391, provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought **only** in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**…,

---

[1] Please see Plaintiff's Unopposed Motion to Substitute Kobe Steel, Ltd. As Defendant Instead and In Place of Kobe Steel USA Inc. and Kobelco Construction Machinery America, LLP, filed July 20, 2009 (Doc. 43).

> or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought.

28 U.S.C. § 1391(a) (emphasis added).

2.	Subsection (1) of 28 U.S.C. § 1391(a) does not apply because all defendants do not reside in the same state. *See* Plaintiff's First Amended Complaint, at ¶¶ 5-8 (including subparagraphs). Subsection (3) does not apply because there **is** a district in which this action should have been properly brought— the United States District Court for the Northern District of Alabama. *See* Plaintiff's First Amended Complaint, "Background Facts—The Plaintiff."

3.	Under 28 U.S.C. §1391(a)(2), this action should have been brought in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff's First Amended Complaint includes a single claim against all defendants: "Count One (Wrongful Death)." *See* Plaintiff's First Amended Complaint, at 16-20. On the face of Plaintiff's First Amended Complaint, **all** of the alleged events and omissions giving rise to Plaintiff's wrongful death claim occurred in Huntsville, Alabama, which is located in the **Northern District of Alabama, Northeastern Division**.

4.	In the section of Plaintiff's First Amended Complaint entitled "Background Facts—The Plaintiff," Plaintiff alleges that Perry Ellison was a resident of Huntsville, Alabama. Plaintiff further alleges that Mr. Ellison died as a

result of asbestos-related diseases, including Mesothelioma, due to exposure to asbestos-containing products throughout Mr. Ellison's career at Dunlop Tire & Rubber Co. in **Huntsville, Alabama**.  *See* Plaintiff's First Amended Complaint, "Background Facts—The Plaintiff."

5. Therefore, according to the face of Plaintiff's First Amended Complaint, all of the alleged events or omissions giving rise to Plaintiff's claim occurred in Huntsville, Alabama, which is located in Madison County, Alabama. Madison County, Alabama is located in the Northern District of Alabama, Northeastern Division.  As such, Plaintiff's claim should have been brought in the Northern District of Alabama.

6. Plaintiff can show no valid basis for venue in the Middle District of Alabama, and this action has been improperly filed in this Court.

7. As such, this Defendant respectfully requests that the Court dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Kobe Steel, Ltd. respectfully requests this Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(3).

/s/ Haley A. Cox
One of the Attorneys for Defendant
Kobe Steel, Ltd. (incorrectly identified in
the First Amended Complaint as Kobe Steel
USA Inc. and Kobelco Construction
Machinery America, LLP)

OF COUNSEL:

W. Larkin Radney IV (RADNL5271)
lradney@lightfootlaw.com
Haley A. Cox (ANDRH6198)
hcox@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
(205) 581-0700
(205) 581-0799 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Alabama using the CM/ECF system, which will provide notification to all counsel of record.

I further certify that, on the same date, I served a copy of the foregoing to the following by United States Mail:

Bayer Cropscience, Inc.
100 Bayer Road
Pittsburg, PA 15205

Cooper Industries, LLC
600 Travis
Suite 5800
Houston, TX 77002

FMC Corporation
c/o CT Corporation
300 North Sixth Street
Boise, ID 83701

Idex Corporation
406 State Street
P.O. Box 8
Cedar Falls, IA 50613

St. Lawrence Liquidating Company
c/o OneBank & Trust Co.
Mr. James Young
80 State Street
Albany, NY 12207

The C.P. Hall Company
120 S. Riverside Plaza, No. 1620
Chicago, IL 60606

Whittaker, Clark & Daniels, Inc.
CT Corporation System
111 Eighth Avenue
New York, NY 10011

                                        /s/ Haley A. Cox
                                        Of Counsel